UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. NAGY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CEP AMERICA, LLC, et al., <br><br> Defendants. | Case No. 23-cv-05648-RS <br><br> **FINAL APPROVAL ORDER** |

JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Plaintiffs Daniel E. Nagy and Maria Romero (the "Plaintiffs") in the above-captioned litigation (the "Action") on their own behalf and on behalf of the Class and the Plan, on the one hand, and Defendants CEP America, LLC (d/b/a/ Vituity) and the MedAmerica Retirement & Benefits Committee (the "Defendants"), on the other hand, have entered into a Settlement Agreement and Release dated March 14, 2025, (the "Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, the capitalized terms not defined in this Final Approval Order and Judgment shall have the same meaning ascribed to them in the Agreement;

WHEREAS, by Order dated May 23, 2025 (the "Preliminary Approval Order"), this Court (1) preliminarily approved the Settlement; (2) appointed a Settlement Administrator; (3) directed

1    notice be given to the Class and approved the form and manner of Notice; (4) approved the Plan of

2    Allocation; (5) scheduled a Final Approval Hearing; and (6) scheduled a hearing on Class

3    Counsel's Fee and Expense Application and Plaintiffs' request for Case Contribution Awards;

4        WHEREAS, due and adequate notice has been given to the Class;

5        WHEREAS, the Court conducted a hearing on October 16, 2025, (the "Final Approval

6    Hearing") to consider, among other things, (1) whether the proposed Settlement on the terms and

7    conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of

8    the Class and should be finally approved by the Court; (2) whether Class Counsel's Fee and

9    Expense Application is reasonable and should be approved; (3) whether Plaintiffs' request for

10   Case Contribution Awards is reasonable and should be approved; and (4) whether this Final

11   Approval Order and Judgment should be entered dismissing with prejudice all claims asserted in

12   the Action against Defendants; and

13       WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and

14   proceedings held in connection with the Settlement, all oral and written comments received

15   regarding the Settlement, and the record in the Action, and good cause appearing therefor;

16       NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

17       1.    **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and

18   all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and

19   each of the Class Members.

20       2.    **Incorporation of Settlement Documents:** This Final Approval Order and

21   Judgment incorporates and makes a part hereof: (a) the Agreement filed with the Court on March

22   14, 2025, including the Plan of Allocation submitted therewith; and (b) the Notice approved by the

23   Court on May 23, 2025 and as amended by Court order on June 24, 2025. Dkt. 24.

24       3.    **Notice:** The Court finds that the dissemination of the Notice: (a) was implemented

25   in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably

26   practicable under the circumstances; (c) constituted notice that was reasonably calculated, under

27   the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the

28

Settlement (including the releases provided for therein), of their right to object to the Settlement and appear at the Final Approval Hearing, of Class Counsel's Fee and Expense Application, and of Plaintiffs' request for Case Contribution Awards; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

    4.    **<u>Objections:</u>** No class member or other party objected to the Settlement.

    5.    **<u>Final Settlement Approval:</u>** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Agreement in all respects including, without limitation, the terms of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.

    6.    **<u>Dismissal of Claims:</u>** As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all claims asserted in this Action against Defendants are dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

    7.    **<u>Binding Effect:</u>** The terms of the Agreement and of this Final Approval Order and Judgment shall be forever binding on Defendants, Plaintiffs, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns.

    8.    **<u>Releases:</u>** The releases set forth in the Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order and Judgment. Accordingly, the Court orders that, as of that date: Plaintiffs and each Class Member (on behalf of themselves, their current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns), and the Plan (by and through the Independent Fiduciary), shall be deemed to have, and by operation of law and of this Final Approval Order and Judgment shall have, fully, finally and

forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Released Claims, including; and any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Settlement Class Member may currently have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, by Releasing Persons (on a classwide basis), for themselves, on behalf of the Plan subject to Independent Fiduciary approval), and on behalf of the certified Settlement Class, against the Defendant Released Parties: (i) That would be barred by *res judicata* based on entry of the Final Approval Order; or (ii) That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Settlement Fund to the Plan or any Settlement Class Member in accordance with the Plan of Allocation; or (iii) That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone. The scope of the release shall not include any claims to enforce the Settlement Agreement and shall specifically exclude claims for benefits unrelated to this Settlement that the Releasing Persons may have with respect to the value of their respective vested account balances, per the terms of the Plan and according to the Plan's records. The scope of the release and covenant not to sue shall include, but not be limited to: (i) any affiliates or affiliated companies of the Defendants; (ii) anyone that Plaintiffs could have asserted was a fiduciary as to the Plan; (iii) anyone that Plaintiffs could have asserted was a "party in interest" with respect to the Plan; and (iv) any Defendants' or Defendant Released Parties respective insurers.

    a.    The Defendants shall be deemed to have, and by operation of the Final Order and Judgment, shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the Plan, the Settlement Class and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whereby statute,

contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, relating to the pursuit of the Action.

9. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action.

10. **No Admissions:** This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be agreed-upon by the Parties or approved by the Court), the negotiations that led to the Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Agreement or approval of the Settlement, including any arguments proffered in connection therewith: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendant Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable; and (e) shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Agreement is terminated. This Order and the Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

11. **Retention of Jurisdiction:** Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a)

the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's Fee and Expense Application and Plaintiffs' request for Case Contribution Awards; and (d) the Class Members for all matters relating to the Action.

12. **Fees and Awards:** A separate order shall be entered on Class Counsel's Fee and Expense Application and Plaintiffs' request for Case Contribution Awards. Such order shall in no way affect or delay the finality of this Final Approval Order and Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Modification of Settlement Agreement:** Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

14. **Termination:** If the Settlement does not go into effect or is terminated as provided for in the Agreement, then this Final Approval Order and Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Agreement.

15. **Entry of Final Judgment:** There is no just reason to delay entry of this Final Approval Order and Judgment as a final judgment with respect to the claims asserted in the Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Approval Order and Judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

**IT IS SO ORDERED**.

Dated: October 17, 2025

_____
RICHARD SEEBORG
Chief United States District Judge