UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL E. NAGY, et al.,

    Plaintiffs,

v.

CEP AMERICA, LLC, et al.,

    Defendants.

Case No. 23-cv-05648-RS

**ORDER GRANTING REASONABLE ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFF SERVICE AWARDS**

# I. INTRODUCTION

Plaintiffs have filed a motion for attorneys' fees, reimbursement of expenses, and plaintiff service awards. Dkt. 72. The fairness hearing was held on October 16, 2025. Having considered the motion, all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, the motion for attorneys' fees, reimbursement of expenses, and plaintiff service awards is granted as set forth below.

# II. BACKGROUND

Plaintiffs, employees of MedAmerica (the "Company"), brought Employee Retirement Income Security Act (ERISA) claims in November 2023 against Defendants, CEP America, LLC (aka Vituity) and the MedAmerica Retirement and Benefits Committee. Plaintiffs' suit arises out of the 401(k) plan (the "Plan") offered to employees. Plaintiffs aver the Company improperly paid itself "administrative fees" out of employees' retirement savings, allowed overcharges by the Plan's third-party recordkeeper Schwab Bank, imprudently used Schwab Bank Savings Accounts in the

1   Plan despite common alternatives offering higher returns at comparable risk, and otherwise poorly

2   managed the investment of 401(k) savings in violation of Defendants' fiduciary duties.

3         In May 2024, Defendants' motion to dismiss was granted in part, disposing of Plaintiffs'

4   breach of fiduciary duty claims related to the Savings Account and payments made to Vituity. The

5   parties commenced discovery on the surviving claims and later entered mediation. They reached a

6   settlement in December 2024. In May 2025, preliminary approval of the proposed class settlement

7   was granted.

8         In a separate motion, Plaintiffs move for final approval of the settlement agreement

9   ("Settlement"). In the present motion, Plaintiffs move for an attorneys' fee award of 25% of the

10  settlement fund, reimbursement for $13,775.84 in litigation expenses, and $10,000 in service awards

11  for each of the two Class Representatives.

### III. ATTORNEYS' FEES

#### A.   Legal Standard

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that, after a class has been certified, the court may award reasonable attorneys' fees and nontaxable costs. "[C]ourts have an independent obligation to ensure that the [attorneys' fee] award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset*, 654 F.3d 935, 941 (9th Cir. 2011). When deciding to award attorneys' fees and costs in a common fund case, courts have discretion to choose to award based on either (1) the lodestar method, multiplying the number of hours reasonably spent by a reasonable hourly rate, or (2) a percentage of the settlement fund. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Awarding fees as a percentage of the common settlement fund is particularly appropriate where "the benefit to the class is easily quantified." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (quoting *Bluetooth*, 654 F.3d at 942). The selection of a percentage must "take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. When assessing the reasonableness of a

fee award under the common fund theory, courts consider factors such as (1) the results achieved, (2) the risk of litigation, (3) the complexity of the case and skill required, (4) the contingent nature of the litigation, and (5) awards made in similar cases. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008); *Vizcaino*, 290 F.3d at 1048–50.

### B.  Discussion

Class Counsel are awarded $2,179,000 in reasonable attorneys' fees, which represents 25% of the $8,750,000 fund less litigation expenses, $13,775.84, and service awards, $20,000.00 in total. Applying the non-exhaustive factors set forth in *Vizcaino*, 290 F.3d 1043 (9th Cir. 2002), this award is reasonable. First, the overall result and benefit to the Class from the Settlement support the requested fee. Cash payment of $8,750,000 provided to the Class is significant: 90% of the Plan fees charged by the Company and 32% of maximum potential damages.[1] The Settlement also provides meaningful non-monetary relief including no charges to the 401(k) plan (the "Plan") by Defendants for at least five years and removal of the Schwab Savings Account from the Plan. *See* Dkt. 59-1 (Settlement Agreement). *See also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[The] most critical factor is the degree of success obtained."). The award is also reasonable in light of the litigation risks associated with proving breaches of loyalty and prudence as well as fund underperformance and the risks Class Counsel assumed taking the case on a purely contingent basis. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) ("Risk," along with the results achieved, "is a relevant circumstance.").

The requested 25% fee award is also consistent with the range of percentage-of-fund awards previously found to be reasonable in this Circuit. For example, in *Kanawi v. Bechtel*, another ERISA class action, the district court awarded attorneys' fees amounting to 30% of the net settlement fund. No. 06-5566, 2011 WL 782244, at *2 (N.D. Cal. Mar. 1, 2011). The 25% award here is also consistent with the Ninth Circuit's characterization of 20-30% as the "usual range" for

---

[1] The total of $10.0 million in Plan fee charges, $13.9 million in allegedly excessive fees, and $3.1 million in alleged losses related to the Schwab Savings Account.

attorneys' fee award percentages in common fund cases. *Vizcaino*, 290 F.3d at 1047. *See also Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."). The 25% award is also reasonable in light of the fact that it is less than the one-third fee that Named Plaintiffs agreed to in their contingency fee arrangements with Class Counsel.

Finally, a lodestar cross-check further supports Class Counsel's fee request. The lodestar multiplier currently is 2.6,[2] which is less than lodestar multipliers in other ERISA class actions. *See Vizcaino*, 290 F.3d at 1043 (upholding approval of 28% fee where lodestar cross-check resulted in a multiplier of 3.65). Moreover, the lodestar multiplier will only decrease as Class Counsel continues to fulfill its responsibilities to the Class.

## IV. LITIGATION EXPENSES

Class Counsel are entitled to reimbursement of reasonable out-of-pocket costs advanced for the Class. *See* Fed. R. Civ. P. 23(h); 18 U.S.C. § 2520(b)(3); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Class Counsel request $13,775.84 for reimbursement of expenses advanced for the Class. This amount reflects accounted-for expenses including travel, arbitrators and mediators, legal research fees, and court fees that were reasonable and necessary to represent the Class competently.

## V. SERVICE AWARDS

Service awards are "intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (cleaned up). Courts have discretion to approve service awards based on the amount of time and effort spent, the duration of the litigation, and the

---

[2] Class Counsel report spending 911.2 hours on this case with a lodestar of $830,052 using a national rate. Dkt. 72 at 13. With attorneys' fees of $2,179,000, the lodestar multiplier is 2.6.

personal benefit (or lack thereof) as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Class Counsel requests incentive awards of $10,000 to each of the two Class Representatives. These awards are consistent with incentive awards in other ERISA cases, compensate Mr. Nagy and Ms. Romero for two years of collaboration with Class Counsel, and represent only 0.02% of the Settlement fund. *See, e.g., Kruger v. Novant Health, Inc.*, No. 1:14CV208, 2016 WL 6769066, *6 (M.D.N.C. Sept. 29, 2016) (awarding class representatives $25,000 each for their contributions).

## VI. CONCLUSION

For the foregoing reasons, the Plaintiffs' motion is granted. Class Counsel are awarded reasonable attorneys' fees of $2,179,000 and $13,775.84 for reimbursement of litigation expenses, and the two Class Representatives are awarded services awards of $10,000 each for a total of $20,000.

Within sixty (60) calendar days following the completed distribution of the Net Settlement Fund, Class Counsel shall submit to the Court a post-distribution report. A template of such a report may be obtained from the Court's website.

**IT IS SO ORDERED**.

Dated:  October 17, 2025

RICHARD SEEBORG
Chief United States District Judge